Massachusetts Local Form 3

# United States Bankruptcy Court
## District of Massachusetts

In re: Cormier, Allan and Deborah          Case No. 4:09-bk-44865
                                           Chapter: 13

THIRD AMENDED CHAPTER 13 PLAN COVER SHEET

| Filing Date: | 12/27/2010 | Docket #: | 4:09-bk-44865 |
|---|---|---|---|
| Debtor: | Allan G. Cormier | Co-debtor: | Deborah A. Cormier |
| SS#: | -1262 | SS#: | -1500 |
| Address: | 167 Ellis St.<br>Fitchburg, MA  01420 | Address: | 167 Ellis St.<br>Fitchburg, MA  01420 |

| Debtor's Counsel: | Walter C. Oney, Jr. |
|---|---|
| Address: | 267 Pearl Hill Road<br>Fitchburg, MA  01420 |
| e-mail: | Walter.Oney@oneylaw.com |
| Telephone #: | 978-343-3390 |
| Facsimile #: | 978-343-3397 |

ATTACHED TO THIS COVER SHEET IS A PRE-CONFIRMATION AMENDMENT TO THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS, AS PRESENTLY ESTIMATED BY THE DEBTOR(S) BASED ON AVAILABLE INFORMATION, ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) IN THE BANKRUPTCY COURT, BUT NOTE THAT RULE 13-13(a) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES REQUIRES ANY CREDITOR WHO WISHES TO RECEIVE DISTRIBUTIONS UNDER THE PLAN TO FILE A PROOF OF CLAIM CONFORMING TO OFFICIAL FORM 10. ANY CLAIM TO WHICH THE DEBTOR(S) OBJECT WILL BE PAID ONLY IN THE AMOUNT ALLOWED BY THE COURT.

YOU WILL RECEIVE (OR ALREADY HAVE RECEIVED) A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO RULE 13-10(b) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE DEBTOR FILES A CERTIFICATE OF SERVICE CONCERNING THIS AMENDED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN.

BkAssist Software Copyright © 2010 by Walter Oney.  All rights reserved.

# United States Bankruptcy Court
## District of Massachusetts
### Third Amended Pre-Confirmation Chapter 13 Plan

Docket No: 4:09-bk-44865

Debtors:

| | |
|---|---|
| Allan G. Cormier | SS#: -1262 |
| Deborah A. Cormier | SS#: -1500 |

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of **$407.00** for the term of:

☑ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii)

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:   **N/A**

☐ 36 Months. The Debtor states as reasons therefore:   **N/A**

## II. SECURED CLAIMS AND UNEXPIRED LEASES:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Claim Amount |
|---|---|---|
| **GMAC Bank** | **Pre-petition default to be cured by payment of arrears pursuant to 11 U.S.C. § 1322(b)(5)** | **$1,628.17** |
| | **Total to be paid through the plan:** | **$1,628.17** |

B. Claims to be paid directly by debtor to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

| | |
|---|---|
| **GMAC Bank** | **First mortgage; to be paid pursuant to contractual terms directly to the holder of the claim. The holder shall retain its lien or ownership interest until payment of the underlying debt as determined under non-bankruptcy law.** |

C. Modification of secured claims:

| Creditor | Details of Modification |
|---|---|
| **American Home Mortgage Servicing** | **Collateral will be surrendered pursuant to 11 U.S.C. § 1325(a)(5)(C); claim will be treated as wholly unsecured and paid pro-rata with other unsecured creditors.** |
| **CitiBank FSB** | **Pursuant to 11 U.S.C. § 506(a) and § 1322(b)(2), claim is wholly unsecured and and will be paid the same percentage as all other unsecured claims. Upon completion of the plan, the lien securing said claim will be discharged.** |
| **Citicards** | **Lien will be avoided pursuant to 11 U.S.C. § 522(f), subject to 11 U.S.C. § 1325(a)(5)(B)(i)(II); claim will be treated as wholly unsecured and paid pro-rata with other unsecured creditors.** |

D. Leases:

The Debtor(s) intend to assume or reject the residential/personal property lease claims of the following creditors and to pay the indicated lease arrears through the plan:

| Lessor | Assume or Reject | Arrears to be paid through plan |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

E. Total of secured claims and lease arrears to be paid through plan (A + D): **$1,628.17**

## III. PRIORITY CLAIMS:

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

A. Domestic Support Obligations:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

B. Other:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

C. Total of priority claims to be paid through plan (A + B):  **$0.00**

## IV. ADMINISTRATIVE CLAIMS:

A. Attorney's fees (to be paid through the plan):  **$1,874.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10% Trustee's commission.

D. Total of administrative claims to be paid through plan (A + B):  **$1,874.00**

## V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **4.26%** of their claims.

A. General unsecured claims:  **$82,337.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **American Home Mortgage Servicing** | Mortgage | $94,747.58 |
| **CitiBank FSB** | Second mortgage | $25,000.00 |

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Citicards** | **Judgment Lien** | **$25,492.55** |
| | **Total to be paid through the plan:** | **$145,240.13** |

C. Non-dischargeable unsecured claims (so classified for purposes of calculation without prejudice to the Debtor(s)' right to contest dischargeability):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

Total of unsecured claims (A + B + C): **$227,577.13**

D. Multiply total by percentage: **$9,684.63**

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

## IV. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

| Description of Asset | Value |
|---|---|
| **(None)** | |
| **Total value of assets to be liquidated:** | **$0.00** |

B. Miscellaneous Provisions:

1   Holders of allowed secured claims must apply all post-petition payments received directly from the Debtors to post-petition obligations in accordance with the terms of the note and mortgage and/or other security agreement, and in accordance with applicable non-bankruptcy law. No holder of an allowed secured claim may assess any penalty or late charge in respect of a post-petition payment made directly to such holder solely on the basis that the Debtors were, or are alleged to have been, in default under the terms of a note and mortgage and/or other security agreement on the date the petition in this case was filed.

2   Holders of allowed secured claims must apply all payments received from the Chapter 13 Trustee to cure pre-petition defaults.

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

3    Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.

4    The holder of any claim provided for in this plan which is secured by a security interest in the Debtor's principal residence shall file and serve on the Debtor(s), Debtor's counsel, and the Trustee, (a) notice of any change in the payment amount, including any charge that results from an interest rate or escrow account adjustment, no later than 30 days before a payment at the new amount is due, and (b) a notice that itemizes all fees, expenses, or charges incurred in connection with the claim after the bankruptcy case was filed, and that the holder asserts are recoverable against the debtor or against the debtor's principal residence, said notice to be filed as a supplement to the holder's proof of claim and served no later than 180 days after the date when the fees, expenses, or charges are incurred.

5    Confirmation of this plan shall not estop the Debtor(s) from objecting to any proof of claim or from seeking to rescind any credit transaction pursuant to any federal or state law, or from thereafter modifying or amending this plan, after notice and hearing, to provide for different, or no, payments to creditors affected by such objection or rescission.

6    No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as the terms "deficiency" and "escrow account" are defined in 24 C.F.R. § 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage. Such servicer may nonetheless state the amount of any alleged deficiency in any escrow account statement furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. § 362(a).

7    This is a 'pot' plan, in which the total of all payments in respect of non-priority unsecured claims (including the unsecured portion of undersecured claims) is a constant amount. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to non-priority unsecured creditors. Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

8    The student loan claim of Nelnet Loan Services will continue to be paid outside the plan and according to contract terms by the Debtor's eldest son, for whose education the loan was incurred. The Chapter 13 Trustee will make no payments on account of this claim.

9    The debtors will make additional payments to the Trustee, for the purpose of providing an additional dividend to unsecured creditors (including holders of post-petition administrative claims, if any), that proportion of any bonus or tax refund attributable to the applicable commitment period in this case. The amount to be received for bonuses and tax refunds in respect of future years is uncertain, and creditors are advised that no additional dividend may actually eventuate under this provision. Notwithstanding this provision, the Debtors will retain the sum of $1,373.97 (49/365 of bonuses and tax refunds received in respect of calendar year 2009 totalling $10,234.65) to defray the cost of replacing the engine in one of their cars.

10    The Debtors anticipate that their monthly expenses will change once AHMSI completes foreclosure on the Daniels Street Property. The Debtors will file amended schedules once the impact of that event is known and will seek an appropiate modification of this plan.

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

## IV. CALCULATION OF PLAN PAYMENT:

| | |
|---|---:|
| a. Secured claims (section II Total): | **$1,628.17** |
| b. Priority claims (section III Total): | **$0.00** |
| c. Administrative claims (section IV Total): | **$1,874.00** |
| d. General unsecured claims (section V-D Total): | **$9,684.63** |
| e. Separately classified unsecured claims (section V-E Total): | **$0.00** |
| f. Total of (a) through (e) above: | **$13,186.80** |
| g. Divide (f) by .90 for total including Trustee's fee: | **$14,652.00** |
| h. Less assets to be liquidated to fund plan (Section VI-A): | **$0.00** |
| i. Total plan payments to be made by the Debtor ((g) minus (h)): | **$14,652.00** |
| j. Divide (i) by term of plan (36 months): | **$407.00** |
| k. Round up nearest dollar to yield monthly plan payment: | **$407.00** |

Pursuant to 11 U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to to 11 U.S.C. § 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## IV. LIQUIDATION ANALYSIS:

| Asset | Equity | Exemption | Available Chapter 7 |
|---|---:|---:|---:|
| Single family residence at 167 Ellis St., Fitchburg | ($85,309.82) | $0.00 | **$0.00** |
| 3-family house at 228 Daniels St., Fitchburg | ($19,747.58) | $0.00 | **$0.00** |
| Cash on hand | $23.00 | $23.00 | **$0.00** |
| DCU acct ending -9157 (no longer in use but still open on petition date) | $0.00 | $0.00 | **$0.00** |
| IC Credit Union acct ending -2575 | $1,100.00 | $1,100.00 | **$0.00** |
| Assorted used furniture and appliances, none valued at more than $525 by itself | $2,265.00 | $2,265.00 | **$0.00** |
| Exercise machines | $100.00 | $100.00 | **$0.00** |
| Tools | $290.00 | $290.00 | **$0.00** |
| Used clothing | $100.00 | $100.00 | **$0.00** |
| Rings | $850.00 | $850.00 | **$0.00** |

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

| Asset | Equity | Exemption | Available Chapter 7 |
|---|---|---|---|
| Video camera | $300.00 | $300.00 | **$0.00** |
| Ameriprise IRA | $150,000.00 | $150,000.00 | **$0.00** |
| Pre-petition portion (316/365) of 2009 income tax refunds rec'd ca. March 2010 | $6,159.84 | $6,159.84 | **$0.00** |
| Pre-petition portion (316/365) of 2009 performance bonus paid 3/15/10, net of withholding | $2,700.85 | $2,700.85 | **$0.00** |
| 1998 Ford Taurus, 137K mi, fair condition, needs $700 in repairs | $830.00 | $830.00 | **$0.00** |
| 2001 Ford Taurus, 115K mi, fair condition, needs $700 in repairs | $1,570.00 | $1,570.00 | **$0.00** |
| 1986 Larson Bow-Rider, 19' loa, 120 hp I/O, with trailer. Purchased new for $12,000 in May 1986. Needs major engine work and new upholstery. Located at home of Randy Cormier (brother), 92 Fitchburg Rd., Ashburnham, MA 01430. | $2,000.00 | $2,000.00 | **$0.00** |
| 1 dog and 2 birds | $3.00 | $3.00 | **$0.00** |
| Totals: | $63,234.29 | $168,291.69 | **$0.00** |

Total non-exempt assets: $0.00

Less chapter 7 trustee fees per 11 U.S.C. § 326(a): $0.00

Less estimated chapter 7 administration expenses: $0.00

**Net amount available for distribution in c. 7:** **$0.00**

Additional comments regarding liquidation analysis: **N/A**

## IV. SIGNATURES:

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Walter C. Oney, Jr.**　　　　　　　　　　　　　　　**12/27/2010**
Walter C. Oney, Jr. (BBO # 379795)　　　　　　　　　Date

Tel.: 267 Pearl Hill Road
Fitchburg, MA  01420
Fax: 978-343-3390
e-mail: 978-343-3397

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| | |
|---|---|
| **/s/ Allan G. Cormier** | **12/27/2010** |
| Debtor | Date |
| | |
| **/s/ Deborah A. Cormier** | **12/27/2010** |
| Joint Debtor | Date |

BkAssist Software Copyright © 2010 by Walter Oney. All rights reserved.

Case 09-44865    Doc 84    Filed 12/27/10    Entered 12/27/10 13:54:38    Desc Main
Document      Page 9 of 9